### THOMAS McCOY v. WILLIAM BOYLE.

1. Section 100 of "An act to regulate elections" (*Pamph. L.* 1876, *p.* 163), confers upon the several Circuit Courts of this state jurisdiction in cases of contested elections for *city* officers.

2. An application for a recount of ballots in a contested election case, not offered as part of a party's proof, must conform to the statutory requirements governing such applications. *Quære.* As to the admissibility of a recount under the statute above cited.

---

Argued at June Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, MAGIE and GARRISON.

For the appellant, *Munson Force.*

For the appellee, *John W. Griggs.*

The opinion of the court was delivered by

GARRISON, J.    This appeal brings up for review the proceedings taken by William Boyle, the appellee, before the Circuit Court of the county of Passaic, to contest the election of Thomas McCoy as alderman of the city of Paterson.

A petition was filed by Boyle under section 100 of the "Act to regulate elections." *Rev., p.* 355. A trial was had before the Circuit Court upon the issues raised by the contestant's petition, and the result reached was a judicial decision that the election had failed. This appeal was thereupon taken by the incumbent, McCoy, who, by reason of the finding of the Circuit Court, was deprived of his certificate of election. It is provided by section 113 of the act (*Rev., p.* 357) that appeals thereunder shall be for error of law only. This appeal is taken upon two grounds :

*First.* That the Circuit Court had no jurisdiction.

*Second.* That the Circuit Court erred, as matter of law, in refusing to make an order for a recount of the ballots.

The ground of the first contention is that the caption of subdivision " 9 " of "An act to regulate elections" (*Pamph. L.* 1876, *p.* 163), which is, " 9. Contested Elections of County and Township Officers," nullifies the affirmative grant of jurisdiction over elections for *city* officers contained in the body of the statute.

In support of this view, the constitutional provision that " every law shall embrace but one object and that shall be expressed in its title," is urged.

It is clear to my mind, however, that the title of the act in question, which must conform to this constitutional requirement, is "An act to regulate elections," and that there is no force in the contention that the plain intendment of the body of the act must yield to the divisional caption any more than to a marginal note or an index prepared under legislative sanction.

The first section under subdivision 9, viz., section 100, confers upon Circuit Courts "jurisdiction to hear and determine all cases in which the election of any county, township or *city*

office may be contested." No words could more plainly express a legislative intent to include within the class in question contested elections for *city* officers. This force was tacitly given to this act in *Henry* v. *City of Camden,* 13 *Vroom* 335. In this case the court held that the clause in the charter of the city of Camden which conferred upon common council the power to be "the sole judges of the election returns" of its members would prevail over the terms of the later general act to regulate elections. No such clause is to be found in the charter of the city of Paterson. There was nothing, therefore, to prevent the Circuit Court from exercising the jurisdiction conferred upon it by the general act in question.

The second ground of appeal is because the Circuit Court did not order a recount of the ballots.

On the face of the proceedings, it appears that after the inquiry into the issues presented by the contestant's petition had come to an end, and had been so declared by the court, the attorney of the incumbent made an oral request for a recount of the ballots. This the court properly declined to do. A recount of ballots is a distinct proceeding, in no way connected with the one under which the parties were in court, unless it be applied for as a means of rebutting the *prima facie* case made by the claimant, or upon some other distinct offer in the cause. This the record shows was not the condition of this case. As an independent proceeding, a recount must be applied for in a fixed statutory method, and not by a mere oral request. The record of the proceedings in this case leave me in no doubt that the refusal of the Circuit Court to make the recount was, under the circumstances, the only possible response to the request.

It is not necessary, in disposing of the question as it arises upon this record, to pass upon the authority of the Circuit Court to recount ballots under specific offers of proof in cases heard under the one hundredth section of the general election law.

There being no error in the record of the proceedings before the Circuit Court, its judgment is affirmed.